UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RASHEDA S. BAILEY, ) | Case No. 2:12-cv-02096-APG-NJK |
| Plaintiff(s), ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | THAT MOTION TO DISMISS BE |
| ) | DENIED |
| DESERT AUTO TRADER, LLC, ) | |
| ) | (Docket No. 13) |
| Defendant(s). ) | |

Pending before the Court is Defendant's motion to dismiss for failure to timely serve the complaint pursuant to Rule 4(m). Docket No. 13.[1] In particular, Defendant argues that the service of the complaint on January 8, 2014, was untimely. *Id.*; *see also* Docket No. 12 (summons returned executed). The Court finds this argument is without merit. On December 12, 2013, the Court screened the complaint and ruled that Plaintiff may proceed in this action *in forma pauperis*. Docket No. 9. In so doing, the Court ordered that Plaintiff's complaint be filed and that the Clerk of the Court issue summons to Defendant so that service could be effectuated by the U.S. Marshal's Office. *See id.* at 4.[2] The Court specifically outlined the deadline for serving the complaint in light of the screening order: "Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered." *Id.* The Court's order is consistent with the case law in this Circuit explaining that the 120-day

---

[1] Unless otherwise noted, all references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] A *pro se* plaintiff appearing *in forma pauperis* is entitled to rely on the U.S. Marshal's Office to effectuate service of the complaint. *See, e.g.*, *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

period outlined in Rule 4(m) does not commence for plaintiffs proceeding *in forma pauperis* until the Court rules on the motion to proceed *in forma pauperis* and orders the complaint to be deemed filed. *See Ecret v. Diamond*, 2007 WL 2743432, *2 (W.D. Wash. Sept. 17, 2007) (quoting *Williams-Guice v. Bd. of Educ. of the City of Chicago*, 45 F.3d 161, 162 (7th Cir. 1995)); *see also Serger v. Adams*, 2012 WL 4491079, *2 n.1 (E.D. Cal. Sept. 28, 2012) (rejecting argument that service of complaint was untimely where it was served within 120 days of order ruling on motion to proceed *in forma pauperis*). Accordingly, the deadline for serving the complaint is April 11, 2014, and Plaintiff's complaint was served well before that date. Accordingly, the undersigned **RECOMMENDS** that the motion to dismiss be **DENIED**.[3]

### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.

IT IS SO ORDERED.

Dated: January 21, 2014

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[3] The motion notes that Plaintiff has filed similar cases in other jurisdictions against Defendant, *see* Mot. at 3, but the sole ground argued for dismissal is the failure to timely serve the complaint.